IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLES J. K. JOHNSTON; ) <br> ANGEL K. JOHNSTON; ) <br> HOUSEHOLD FINANCE ) <br> CORPORATION OF HAWAII; ) <br> CHILD SUPPORT ) <br> ENFORCEMENT AGENCY, ) <br> STATE OF HAWAII; DEPT. OF ) <br> BUDGET AND FISCAL ) <br> SERVICES, REAL PROPERTY ) <br> DIVISION, COUNTY OF MAUI, ) <br> ) <br> Defendants. ) <br> _____ ) | CV. NO. 08-00147 DAE/KSC |

ORDER GRANTING PLAINTIFF UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT, INTERLOCUTORY
<u>DECREE OF FORECLOSURE, AND DEFICIENCY JUDGMENT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's motion, the Court GRANTS Plaintiff's Motion for Summary Judgment, Interlocutory Decree of Foreclosure, and Deficiency Judgment.

## BACKGROUND

This foreclosure action is based on a mortgage obtained by Charles J. K. Johnston and Angel K. Johnston ("Defendants") on property located at Tax Map Key (2) 5-3-004-052 on Kaunakakai, Hawaii – Lot 674 (the "Mortgaged Property").

On April 29, 1992, Defendants executed a Promissory Note and Mortgage in the amount of $100,000 in favor of the Rural Housing Service, United States Department of Agriculture ("RHS"). On the same date, Defendants executed a Subsidy Repayment Agreement for interest credit assistance, pledging the Mortgaged Property as security for the repayment of subsidies received from RHS. During the course of the loan, from approximately 1992 to 1995, the Government granted Defendants interest credits via "Interest Credit Agreements."

After Defendants failed to make payments on the loans, RHS informed Defendants on October 17, 2005, that: (1) the amount due on their Promissory Note and Mortgage were being accelerated due to monetary default; (2) failure to make payments would result in RHS foreclosing upon the Mortgaged Property; and (3) Defendants had a right to a discussion with RHS and a right to an administrative appeal. As of January 21, 2009, Defendants remained in default.

On March 31, 2008, the Government filed a civil complaint against Defendants, alleging that Defendants defaulted on their obligations to the Government under the Promissory Note and Mortgage.  The amount of the principal on the Promissory Note and Mortgage was $100,000.

Defendants failed to answer the complaint.  As a result, on May 23, 2008, an Entry of Default was entered against Defendants.  (Doc. # 13.)

On June 5, 2008, the Government filed a motion for summary judgment, interlocutory decree of foreclosure, and deficiency judgment.  (Doc. # 16.)  The Child Support Enforcement Agency of the State of Hawaii and the Department of Budget and Fiscal Services, Real Property Tax Division, County of Maui filed statements of no opposition to the Government's motion.  (Doc. ## 22, 23, respectively.)  After taking the motion under advisement, the Court issued an order denying the Government's motion without prejudice.  (Doc. # 25.)  In its decision, the Court emphasized that the Government had not cited sufficient legal authority or provided an accurate recitation of the relevant factors to be considered.  (Id. at 5-6.)  The Court stated that the Government could re-file its motion provided that it supply a proper explanation for why Hawaii foreclosure law applied and evidence to support foreclosure under applicable law.  (Id. at 6.)

On January 22, 2009, the Government re-filed its motion. (Doc. # 26.) The Government later amended its motion with redacted versions of several exhibits. (Doc. ## 29, 30.) Defendants never filed an opposition to the motion, nor have Defendants filed any document in response to the Government's suit.

STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.

Evidence and inferences must be construed in the light most favorable to the nonmoving party. Porter, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Id. However, inferences may be drawn from underlying facts not in dispute,

as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

DISCUSSION

In general, there is no federal foreclosure law; rather, state law serves as the law of decision in foreclosure actions. See Whitehead v. Derwinski, 904 F.2d 1362, 1371 (9th Cir. 1990), overruled on other grounds, Carter v. Derwinski, 987 F.2d 611 (9th Cir. 1993) (overruling holding that Veteran's Affairs's right of indemnity is secondary to its primary right of subrogation but not overruling general principle that foreclosure law is generally relegated to state law absent explicit Congressional preemption); see also In Re Morris, 204 B.R. 783, 785 (Bankr. N.D. Ala. 1996) ("[t]here is no federal foreclosure law").

Under Hawaii law, a foreclosure decree is only appropriate where all four of the following material facts have been established: (1) the existence of a promissory note, mortgage, or other debt agreement; (2) the terms of the promissory note, mortgage, or other debt agreement; (3) default by the borrower under the terms of the promissory note, mortgage, or other debt agreement; and (4) the giving of the cancellation notice and recordation of an affidavit to such effect. See IndyMac Bank v. Miguel, 184 P.3d 821, 835 (Haw. Ct. App. 2008) (citing Bank of Honolulu, N.A. v. Anderson, 654 P.2d 1370, 1375 (Haw. Ct. App. 1982)).

"Thus, while it is necessary to provide evidence of a default . . . it is not necessary to determine 'a sum certain before foreclosure is decreed[.]'"  Id. (citing Anderson, 654 P.2d at 1375).

Because Defendants have failed to answer either the complaint or file any opposition to the instant motion, there appears to be no dispute as to the facts underlying the action.  See Porter, 419 F.3d at 891.  Accordingly, this Court reviews the evidence produced by the Government to determine if it is sufficient to establish that the Government is entitled to judgment as a matter of law.

This Court finds that the Government has produced evidence of all four Anderson factors and therefore it is entitled to judgment as a matter of law, a decree of foreclosure, and a deficiency judgment.  First, the Government has shown the existence and terms of the Promissory Note and Mortgage, Subsidy Repayment Agreement, and Interest Credit Agreements.  (See Mot. Exs. A-C.) Under the terms of the Promissory Note and Mortgage, the loan was for $100,000 over 33 years at 8.25%, and required Defendants to make monthly installments of $737.00 until the principal and interest were fully paid.  (Mot. Ex. A.) Accordingly, there is no dispute as to the existence and terms of the Promissory Note and Mortgage, and the Government has proven that it is entitled to judgment as matter of law with respect to the first two Anderson prongs.

Next, the Government has shown that Defendants defaulted on the loan. As of October 17, 2005, Defendants had failed to make the required payments on the loan and, as a result, the loan was in "monetary default." (Mot. Ex. E.) Furthermore, as of January 21, 2009, Defendants remained in default under the terms of the loan. (Mot. Ching Aff. at ¶ 7.)

Finally, the requirement under <u>Anderson</u> that Defendants be notified of the cancellation of the loan has been satisfied. On October 17, 2005, after Defendants became delinquent in their payments, RHS notified Defendants that they were in default and that the amounts due on the loan were being accelerated due to default. (Mot. Ex. E.) Defendants were also notified that they had a right to a discussion with RHS and a right to an administrative appeal. (<u>Id.</u>)

Accordingly, as all four of the <u>Anderson</u> prongs have been met by the Government and Defendants have failed to "set forth specific facts showing that there is a genuine issue" of material fact, this Court finds summary judgment appropriate. <u>Porter</u>, 419 F.3d at 891. The Court hereby orders an interlocutory decree of foreclosure and deficiency judgment. The sum of the deficiency judgment need not be established at this juncture, however, as such sum can only be determined after sale of the Mortgaged Property. <u>See</u> <u>Anderson</u>, 654 P.2d at 1375.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Government's Motion for Summary Judgment, Interlocutory Decree of Foreclosure, and Deficiency Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 16, 2009.

_____
David Alan Ezra
United States District Judge

United States of America v. Johnston, et al., CV No. 08-00147 DAE-KSC; ORDER GRANTING PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT, INTERLOCUTORY DECREE OF FORECLOSURE, AND DEFICIENCY JUDGMENT